IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DEREK A. HEYLIGER,

                Plaintiff,          Civil Action No.
                                    9:17-CV-0912 (DNH/DEP)

     v.

A. CYMBRAK, *et al.*[1]

                Defendants.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

DEREK A. HEYLIGER, *Pro se*
12-B-0269
Attica Correctional Facility
Box 149
Attica, NY 14011

FOR DEFENDANTS:

HON. BARBARA D. UNDERWOOD      WILLIAM A. SCOTT, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

---

[1]    Filings by the parties reflect that that the proper spellings of the names of certain of the defendants are as follows: (1) defendant "C. Lagree" is "Christopher Lagree," Dkt. No. 14 at 1; (2) defendant "L. Maloney" is "Liam Mahoney," Dkt. No. 48-2 at 22; (3) defendant "A. Cymbrak" is "Andrew Cymbrak," Dkt. No. 14 at 3; (4) defendant "K. Wilcox" is "Kevin Wilcox," Dkt. No. 14 at 4; and (5) defendant "Kile Guynup" is "Kyle Guynup," Dkt. No. 48-3 at 1. Accordingly, the clerk of the court is hereby respectfully directed to modify the court's records to reflect the proper spelling of the name of each of these defendants.

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending before the court in connection with this matter are the third, fourth, and fifth motions brought by *pro se* plaintiff Derek A. Heyliger to compel discovery. Dkt. Nos. 47, 48, 54. Collectively, in those motions plaintiff seeks an order compelling a response to interrogatories served on each of the fourteen defendants, as well as to his first, second, and third requests for the production of documents ("RFP"). In addition, plaintiff seeks leave to depose two inmate witnesses.

Oral argument was conducted in connection with plaintiff's motions during a telephone conference, held on the record on December 19, 2018, at which point decision was reserved. Based upon the written and oral presentations of the parties, it is hereby

ORDERED as follows:

## I.    INMATE DEPOSITIONS

Plaintiff requests permission to conduct the depositions of two prison inmates, Orlando Medina and Shane Juggarnauth. Dkt. No. 48 at 2. That request is DENIED. Discovery in this matter closed on November 29, 2018, *see* Dkt. No. 45, and plaintiff has offered no good cause to extend

that deadline. This denial is without prejudice to plaintiff's right to request permission from the trial judge to call those two inmates as witnesses at the trial of this matter or to request permission to have the depositions of those two inmates taken, in anticipation of trial, by any attorney assigned to represent plaintiff *pro bono* for use at trial.

II.   DOCUMENT DEMANDS

Plaintiff's motions involve three separate document demands served by plaintiff. Dkt No. 47-2 at 1-8; Dkt. No. 50. The parties dispute whether the first two document demands were timely served in July 2018. Dkt. No. 49 at 1. Plaintiff's third RFP was served on or about November 25, 2018, and is therefore untimely. *See* N.D.N.Y. L.R. 16.2. Accordingly, plaintiff's motion to compel compliance with his third RFP will therefore be DENIED.

Addressing plaintiff's first and second RFPs, the court notes that any request to produce defendants' complete personnel files is DENIED. Any requests for all grievances and complaints filed against defendants are also DENIED. The court, however, will direct defendants to produce any documents and information associated with substantiated findings of excessive force and unlawful retaliation on the part of any of the defendants named in this action.

With respect to files of the Inspector General ("IG") and Office of Special Investigation ("OSI"), those materials must be made available to plaintiff, redacted to shield any confidential or otherwise sensitive information, with the understanding that plaintiff may not request copies of those documents, although upon request, such copies will be provided to his *pro bono* counsel at trial and for his or her eyes only.

With respect to the remaining portions of plaintiff's first and second RFPs, the court grants the following requests, and orders production to plaintiff at his current facility, for purposes of inspection, within thirty days of the date of this order. Plaintiff may request copies of any of the documents produced provided, however, that he must pay for any documents requested over 124 pages at the rate of $.25 per page.

(1)     With respect to RFP No. 1 (Dkt. No. 47-2 at 2-8), defendants are directed to produce responses to ¶¶ 1, 2, 3, 4, 8, 14, 15, 16, 31, and 33.

(2)     With respect to RFP No. 2 (Dkt. No. 47-2 at 1), defendants are directed to produce only those documents relating to any claims of excessive use of force or unlawful retaliation involving these individual defendants that have been substantiated upon the conclusion of an

internal administrative investigation or court proceeding, to the extent that any of those documents may exist.

III.    <u>INTERROGATORIES</u>

The court has reviewed plaintiff's interrogatories and defendants' responses to those interrogatories. Generally speaking, plaintiff has served interrogatories averaging twenty each to the fourteen defendants in this case. Many of those interrogatories seek information that is of minimal or no relevance to his claims and the defenses in this action and/or violate the rule of proportionality set forth in Rule 26(b) of the Federal Rules of Civil Procedure. Based upon its review of the interrogatories and defendants' responses thereto, the court will direct the defendants to provide further responses to the following interrogatories:

(3)    With respect to W. Perry, defendant Perry is directed respond to ¶¶ 1, 2, 11, 15, 16, 18, and 19 of the interrogatories. However, defendant Perry's response to each of those interrogatories shall be limited to only those claims of excessive use of force or unlawful retaliation that have been substantiated upon the conclusion of an internal administrative investigation or court proceeding and to the extent that any such documents may exist.

(4)    With respect to K. Wilcox, defendant Wilcox is directed to respond to ¶¶ 1, 2, 11, 14, 15, 16, 18 and 19 of the interrogatories. However, defendant Wilcox's response to each of those interrogatories shall be limited to only those claims of excessive use of force or unlawful retaliation that have been substantiated upon the conclusion of an internal administrative investigation or court proceeding and to the extent that any such documents may exist.

(5)    With respect to Liam Mahoney, defendant Mahoney is directed to respond to ¶¶ 1, 2, 11, 15, 16, 18, and 19 of the interrogatories. However, defendant Mahoney's response to each of those interrogatories shall be limited to only those claims of excessive use of force or unlawful retaliation that have been substantiated upon the conclusion of an internal administrative investigation or court proceeding and to the extent that any such documents may exist.

(6)    With respect to Lafountain, defendant Lafountain is directed to respond to ¶¶ 1, 2, 11, 15, 16, 18, 19, and 24 of the interrogatories. However, defendant Lafountain's response to each of those interrogatories shall be limited to only those claims of excessive use of force, unlawful retaliation, or food contamination that have been substantiated upon the

conclusion of an internal administrative investigation or court proceeding and to the extent that any such documents may exist.

(7)    With respect to Kyle Guynup, defendant Guynup directed to respond to ¶¶ 1, 2, 8, 9, 15, 16, 18, 20, and 21 of the interrogatories. However, defendant Guynup's response to each of those interrogatories shall be limited to only those claims of excessive use of force or unlawful retaliation that have been substantiated upon the conclusion of an internal administrative investigation or court proceeding and to the extent that any such documents may exist.

(8)    With respect to Andrew Cymbrak, defendant Cymbrak is directed to respond to ¶¶ 1, 2, 7, 8, 12, 13, 15, 18, and 19 of the interrogatories. However, defendant Cymbrak's response to each of those interrogatories shall be limited to only those claims of excessive use of force or unlawful retaliation that have been substantiated upon the conclusion of an internal administrative investigation or court proceeding and to the extent that any such documents may exist.

(9)    With respect to C. Lagree, defendant Lagree is directed to respond to ¶¶ 1, 2, 6, 11, 12, 13, 14, and 16 of the interrogatories. However, defendant Lagree's response to each of those interrogatories shall be limited to only those claims of excessive use of force or unlawful

retaliation that have been substantiated upon the conclusion of an internal administrative investigation or court proceeding and to the extent that any such documents may exist.

(10)   With respect to any of the foregoing interrogatories that defendants were ordered to answer, they shall produce that information to plaintiff within thirty days of the date of this order.

## IV.    REMAINING REQUESTS AND MOTION DEADLINES

Except as to the extent indicated above, plaintiff's motions to compel discovery are DENIED. Discovery in this matter is now closed, with the exception of the matters as set forth above. Plaintiff may not serve any further discovery demands in this case. In addition, any further motions to compel discovery will be stricken by the court as untimely pursuant to N.D.N.Y. L.R. 7.1(d)(8). The dispositive motion deadline in this case is hereby extended until March 31, 2019.

The parties are advised that an appeal from this order may be taken to District Judge David N. Hurd. Any such appeal must be taken within fourteen days of the date of this order.

The Clerk is respectfully directed to serve a copy of this decision and order on the parties in accordance with the local rules of practice for this

court, and to modify the court's records as set forth in footnote number one, above.

Based upon the foregoing, it is hereby SO ORDERED.

David E. Peebles
U.S. Magistrate Judge

Dated:      December 26, 2018
            Syracuse, NY