**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DEREK A. HEYLIGER,

                            Plaintiff,

    v.                                              9:17-CV-0912 (CFH)

ANDREW CYMBRAK, KYLE GUYNUP,
CHRISTOPHER LAGREE AND WILLIAM PERRY,

                            Defendants.

---

**APPEARANCES:**                   **OF COUNSEL:**

DEREK A. HEYLIGER
Plaintiff, pro se
12-B-0269
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

HON. LETITIA JAMES                SHANNAN COLLIER KRASNOKUTSKI, ESQ.
New York State Attorney General      WILLIAM A. SCOTT, ESQ.
Attorney for Defendants                CHRISTOPHER LIBERATI-CONANT, ESQ.
The Capitol                              JONATHAN S. REINER, ESQ.
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## DECISION AND ORDER

**I.    INTRODUCTION**

    In August 2017, plaintiff pro se Derek Heyliger ("plaintiff") commenced this civil rights action. Dkt. No. 1. In a Decision and Order filed on November 15, 2017, the Court granted plaintiff leave to proceed in forma pauperis ("IFP"), directed the Clerk to effect service of

process, and directed the defendants to respond to the claims surviving sua sponte review. Dkt. No. 7.  On October 27, 2021, after a trial, the jury issued a verdict in favor of defendants. Dkt. No. 128.  Judgment was duly entered by the Clerk.  Dkt. No. 132.

Plaintiff has appealed to the United States Court of Appeals for the Second Circuit. Dkt. No.134.  Presently before the Court is (1) plaintiff's request to proceed in forma pauperis on appeal (Dkt. No. 138), and (2) plaintiff's motion authorizing the Clerk to "retain" the record on appeal (Dkt. No. 137).

## II.  IFP STATUS

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides, in relevant part:

> **Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . .

FED. R. APP. P. 24(a)(3).

Plaintiff's motion for leave to proceed in forma pauperis was previously granted, *see* Dkt. No. 7, and the Court has not revoked that status.  Therefore, plaintiff may proceed with his appeal to the Second Circuit in forma pauperis without further authorization from this Court.

## III.  MOTION TO TEMPORARILY RETAIN RECORD

Pursuant to Fed. R. App. P. 11(c), a district court may order that the clerk retain the record temporarily for the parties to use in preparing the papers on appeal.  On November

30, 2022, plaintiff filed a motion to temporarily retain the appeal record in the district court to allow plaintiff "an opportunity to study the transcripts and develop his issues for appeal and defendants refused to so stipulate[.]"[1]  Dkt. No. 137.  Plaintiff advises that he intends to challenge the Court's jury instructions and pretrial evidentiary rulings.  Id. at 1. Plaintiff seeks to have the record retained, "until the Second Circuit provides a date when Appellant is required to serve it's [sic] brief upon Defendants-Appellees[.]"  Id. at 3.  However, plaintiff served his brief and appendix on defendants on June 29, 2022.  See Heyliger v. Cymbrak, No. 21-2825, Dkt. No. 49 (2d Cir. filed June 29, 2022); see also Dkt. No. 60-2 at 6.  Thus, plaintiff's request for relief is moot.

In light of plaintiff's pro se status, and upon examination of the exhibits annexed to the motion, see Dkt. No. 137-1, the Court has reviewed the Second Circuit's Docket Report to determine whether plaintiff's motion set forth any other basis for relief.

On July 18, 2022, defendants filed a motion to dismiss plaintiff's appeal for failure to provide transcripts.  See Heyliger, Dkt. No. 60 (2d Cir. July 18, 2022).  In the motion, defendants assert that plaintiff served his brief and appendix but that no "record" was served or filed with the Court.  Id., Dkt. No. 60-2 at 6.  Moreover, defendants contend that, although plaintiff certified that he made arrangements with the Court report to obtain the trial transcript, the court reporter advised, "nobody has written her to order a transcript, arranged payment, or informed her that transcript fees were waived."  Id. at 5.  As a result, defendants claim they are unable to respond to plaintiff's challenges to evidentiary rulings and jury instructions.  Id.

---

[1] In a letter to plaintiff, dated November 16, 2022, defendants' counsel responded to plaintiff's request "for a stipulation that the transcripts should be temporarily retained in the district court[.]" Dkt. No. 137-1 at 6. Defendants' counsel advised, "[t]he Second Circuit has provided you with specific directions on how to proceed regarding the transcript.  Those directions do not include any type of stipulation with or by the defendants." Id.

at 6.

In a Decision and Order filed on October 27, 2022, the Second Circuit addressed the motion and noted, "[i]t is the Appellant's duty to 'order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary or file a certificate stating that no transcript will be ordered.'" See Heyliger, Dkt. No. 74 (2d Cir. Oct. 27, 2022) (citing FED. R. APP. P. 10(b)(1)(A), (B); see also FED. R. APP. P. 10(b)(2)).  The Circuit instructed plaintiff that, "[i]f [he] seeks free transcripts, he must first move in the district court within 30 days of this order and demonstrate financial need and that his appeal is 'not frivolous (but presents a substantial question).'" Id. (citing 28 U.S.C. § 753(f)).

In light of the procedural history and, affording plaintiff the special solicitude granted to pro se litigants, the Court will consider plaintiff's request as a motion, pursuant to 28 U.S.C. § 753(f), for a free copy of the trial transcript.

A litigant proceeding IFP under 28 U.S.C. § 1915 does not have a right to free trial transcripts. *See Ortiz v. Brymer*, No. Civ. 302CV1369HBF, 2005 WL 2671084, at *1 (D. Conn. Oct. 19, 2005).[2]  Pursuant to 28 U.S.C. § 753(f) ("Section 753(f)"), "[f]ees for transcripts furnished in [non-habeas civil] proceedings to persons permitted to appeal in forma pauperis shall [ ] be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).  "Courts have defined a substantial question for the purposes of Section 753(f), as a question that is 'reasonably debatable when judged on an objective basis.'"  Eldaghar v. City of New York Dep't of Citywide Admin. Servs., No. 02 CIV. 9151, 2009 WL 1730977, at *1

---

[2] Copies of unpublished decisions cited within this Decision & Order have been provided to plaintiff.

(S.D.N.Y. June 18, 2009) (citations omitted).

"When considering whether to furnish an appellant in forma pauperis with a free copy of a trial transcript, courts also take into account whether a transcript is necessary to the appeal, and the cost to the Court of providing the requested transcript." Eldaghar, 2009 WL 1730977, at *1 (citing) (citing inter alia Harlem River Consumers Coop. v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93, 98 (S.D.N.Y. 1976) (finding that the plaintiff had not adequately established that the Court should pay $25,000 to furnish the plaintiff with transcripts from a lengthy trial).

Construed liberally, the motion seeks a free copy of the transcript from the final pretrial conference held on October 22, 2021, and a free transcript of the entire trial, which was less than three full days in length.  Upon review of plaintiff's submission, the Court finds that plaintiff's appeal is not frivolous and that he presents a "substantial question" on appeal. Moreover, the Court has taken into consideration plaintiff's need for the transcript for his appeal and the fact that the cost of providing the transcript is not substantial.  See McCarthy v. Bronson, 906 F.2d 835, 841 (2d Cir. 1990) (granting request for free transcript for a three-day trial) (citation omitted); see also Eldaghar, 2009 WL 1730977, at *2 (same).

Considering all of these facts, the Court finds that plaintiff is entitled to a copy of the final pretrial conference transcript and trial transcripts without cost.

## IV.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's request to proceed with the appeal of this matter in forma pauperis (Dkt. No. 138) is **DENIED as unnecessary** because his in forma pauperis status

5

has not been revoked.  **Plaintiff may proceed on appeal in forma pauperis without further authorization** from this Court; and it is further

    **ORDERED**, that plaintiff's request for free copies of the final pretrial conference and trial transcripts (Dkt. No. 137) is **GRANTED**; and it is further

    **ORDERED**, that the Court Reporter furnish copies of the aforementioned transcript to the Clerk of the Court; and it is further

    **ORDERED**, that a copy of the transcript be paid for by the United States as provided for in 28 U.S.C. § 753(f); and it is further

    **ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties.

    **IT IS SO ORDERED.**

Dated: December 20, 2022
       Albany, New York

*[signature]*
Christian F. Hummel
U.S. Magistrate Judge